IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY STEVEN LARSON,<br><br>Plaintiff,<br><br>vs.<br><br>GUY BAKER, KIRSTEN PABST, and STATE OF MONTANA,<br><br>Defendants. | CV 18-203-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I. In Forma Pauperis Application**

Plaintiff Anthony Larson, appearing pro se, filed an application requesting leave to proceed in forma pauperis. He submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Larson's application is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Larson's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

1

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Larson's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. Background

Anthony Larson was previously serving a term of probation on an unspecified criminal matter, but he contends that probation ended on October 3, 2017. Larson complains that although his probation terminated, on October 27, 2017, Missoula County Attorney Kirsten Pabst obtained a warrant for Larson's arrest based on a probation violation Larson allegedly committed. Larson was arrested on the warrant on September 8, 2018. Thus, Larson complains that Pabst has unlawfully subjected him to a further term of probation even though his

probation expired.

Larson also complains that Pabst has commenced further criminal investigations of Larson. And he asserts Guy Baker has conducted extensive investigations of him.

Larson requests injunctive relief. He requests the Court terminate his term of probation, and that it terminate Defendants' criminal investigations of him.

## III.   Discussion

Because Larson is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Larson's allegations potentially implicate claims cognizable under 42 U.S.C. § 1983. Section 1983 permits claims under federal law against a local governmental entity, or a state official or employee, if the plaintiff can establish that the defendant was (1) acting under color of state law, and (2) deprived the

plaintiff of a federal right secured by the Constitution or laws of the United States. *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003).

### A. **Probation**

Larson's complaint asserts Pabst has subjected him to a term of probation that he believes is being illegally imposed against him. And he alleges he was arrested for violating a condition of that allegedly expired probation. Thus, Larson's section 1983 claims challenge the fact or existence of a sentence of probation imposed against him as a result of criminal proceedings. But for the reasons discussed, Larson's claims are barred under the authority of *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck* the United States Supreme Court established that a plaintiff cannot prosecute a section 1983 action if the success of the claims in the action would necessarily imply that his existing criminal conviction or sentence is invalid. Specifically, before a plaintiff can pursue a section 1983 claim that would render a criminal conviction or sentence invalid, the plaintiff must establish that the conviction or sentence has already been invalidated through an appropriate legal action, such as through state court appellate procedures or a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87.

To determine whether *Heck* operates to preclude a section 1983 action, the court must consider whether a ruling in favor of the plaintiff "would necessarily

imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 486-87.

The rule in *Heck* applies to the prosecution of a § 1983 claim that calls into question the fact or duration of parole or probation. *Reid v. Pautler*, 36 F. Supp. 3d 1067, 1117 (D. New Mexico 2014) (quoting *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). This is so because "[a]n individual on probation can generally petition for a writ of habeas corpus under both state and federal law[]" to challenge the fact of the probation. *Beckway v. DeShong*, 717 F. Supp. 2d 908, 925–26 (N.D. Cal. 2010) (citing *Jones v. Cunningham*, 371 U.S. 236, 242–43 (1963)). A habeas remedy is available to a person on probation because the person is deemed to be "in custody" subject to the control of the probation officer and the court. *Arketa v. Wilson*, 373 F.2d 582, 583 (9th Cir. 1967). And because a person is "in custody" for purposes of filing a habeas petition, *Heck* applies to bar a section 1983 claim. *See Beckway*, 717 F. Supp. 2d at 927–28.

Here, Larson's claims directly challenge the validity of the term of probation presently imposed upon him. Therefore, his claims are barred by *Heck*, and the claims must be dismissed.

### B. Investigation

Larson's second claim alleges that Pabst and Baker are investigating him, and he requests that this Court order them to stop. But for purposes of a section 1983 claim, for the reasons discussed the Court finds Larson's allegations do not implicate a right he has that is protected under federal law.

In general, there is no substantive due process right to be free from governmental investigation. *Rowe v. City of Fort Lauderdale*, 8 F. Supp. 2d 1369, 1373 (S.D. Florida 1998) (citing *Albright v. Oliver*, 510 U.S. 266, 268 (1994)).

But limited circumstances can occur which give rise to a claim for a substantive due process violation. In limited situations "behavior by officials that 'shocks the conscience' has been held to deprive liberty in violation of the due process clause of the Fourteenth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 881 (9th Cir. 2001); *See also County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998); *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006).

> Substantive due process "forbids the government from depriving a person of life, liberty, or property in such a way that 'shocks the conscience' or 'interferes with the rights implicit in the concept of ordered liberty.'"

*Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) (citations omitted). The United States Supreme Court has reiterated that due process rights are violated when conduct is outrageous, shocks the conscience, violates "decencies of civilized conduct[,]" or is so "brutal and offensive that it did not comport with the

traditional ideas of fairplay and decency." *Lewis*, 523 U.S. at 847 (internal citations and quotations omitted). The Court continued to explain that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Id*. at 849 (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). Instead, "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id*.

Larson's allegations relative to Pabst's investigatory conduct are limited to his assertion that she instigated an investigation of him. Those allegations do not rise to level of conscience-shocking behavior.

With regard to Baker, Larson alleges Baker has investigated him relative to multiple crimes. Although Larson asserts he has experienced adverse consequences as a result of Baker's investigations, he does not present any factual allegations suggesting Baker engaged in conscience-shocking conduct intending to injury Larson. Consequently, the Court finds Larson's allegations do not rise to the level of a substantive due process claim, and his claim must be dismissed.

Ordinarily, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988));

*Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008). But here, Larson's claims regarding his probation are clearly barred under *Heck*, and the circumstances surrounding Baker's investigation do not suggest that conscience-shocking facts plausibly exist. Therefore, it is unnecessary to give Larson an opportunity to amend his pleading.

## IV. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that Larson's complaint be DISMISSED for failure to state a claim upon which relief can be granted.

DATED this 15th day of February, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge